IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHY NGUYEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:18-CV-00235-N |
| BRINK'S, INCORPORATED, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants Brink's U.S., a division of Brink's Incorporated ("Brink's") and Dicker Corporation d/b/a Dicker Staffing Services' ("Dicker") (collectively, "Defendants") motion to dismiss [6]. For the reasons set forth below, the Court denies and grants the motion in part.

**I. ORIGINS OF THE DISPUTE**

Plaintiff Kathy Nguyen needed work. She reached out to Dicker, a job placement company. Dicker assigned Nguyen a job with Brink's as a recruitment coordinator. The job was temporary, though Nguyen hoped it would eventually turn into something permanent. She alleges that Brink's told her it probably would. But in April 2015 when she inquired about the permanent position, Brink's told her it had implemented a hiring freeze. The company promised to inform her when it was again ready to hire. A month later, however,

Brink's hired three people for the position Nguyen desired. All three were Caucasian. Nguyen is Vietnamese.

Nguyen complained to Brink's that she believed she was discriminated against on the basis of her race and national origin. No action was taken. She complained to Dicker. No action was taken. She then filed a complaint with the EEOC. Some time after, Brinks told Nguyen there was no good reason she was not given the position. Yet shortly after that, Brinks fired her. She alleges she then approached Dicker in search of new employment, but Dicker refused to offer her any new assignments.

Nguyen then sued both Dicker and Brink's for race and national origin discrimination under 42 U.S.C. §1981. Defendants now seek to dismiss Nguyen's Complaint under Fed. R. Civ. P. 12(b)(6). Defendants make three arguments in support: (1) that Nguyen's claims are time-barred; (2) that section 1981 does not allow a cause of action for national origin discrimination; and (3) that Nguyen's claims against Dicker fail to pass muster under the Rule 12(b)(6) standard. The Court holds that these arguments do not support a full dismissal of Nguyen's claims.

## II. LEGAL STANDARD

### A. Statute of Limitations for Section 1981 Claims

Because section 1981 does not contain a limitations period, courts "have traditionally applied the relevant state personal injury limitations period." *Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 341 (5th Cir. 2005) (citing *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661-62 (1987)). In Texas, that is two years. *Byers v. Dallas Morning News, Inc.*, 209 F.3d

419, 424 (5th Cir. 2000). But in 1990, Congress implemented a catchall four-year limitations period for any action "arising under" statutes enacted after December 1, 1990. 28 U.S.C. §1658(a). Importantly, this includes the amendment to section 1981 that was packaged within the Civil Rights Act of 1991. *See* 42 U.S.C. §1981(b) (added language prohibits discrimination in the "benefits, privileges, terms, and conditions of the contractual relationship").

The key for determining whether an action "'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by §1658's 4-year statute of limitations—[is] if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 382 (2004). In other words, with respect to section 1981, district courts must determine whether a plaintiff's claim could have been brought before the 1991 amendments. If it could, then the analogous state law period applies. If it could not, then the catch-all, four-year period applies.

The Fifth Circuit has drawn a fairly bright line for this sorting exercise. Before 1991, section 1981 "provided two rights: protection against the refusal to enter into a contract with someone on the basis of race and protection against racial discrimination that infects the legal process in ways that prevent one from enforcing contractual rights." *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 368 (5th Cir. 2008) (citing *Jones*, 541 U.S. at 383; *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 (1989)). "Post-formation conduct" was the new ground opened by the 1991 amendments. *Id.* All claims alleging pre-contract discrimination are covered by the analogous state law limitations period, and all claims

relating to discrimination after a contract is formed are governed by the four-year catch-all limitations period. *Id.*

### *B. Section 1981 Standard*

Section 1981 was "intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987). The Fifth Circuit has interpreted this guidance to mean that section 1981's protection is restricted to racial discrimination. *Ingram v. Papa John's Int'l,* Inc., 171 F. App'x 439, 441 (5th Cir. 2006). It does not afford protection to claims of discrimination based purely on national origin. *See Ficq v. Tex. Instruments Inc.*, 2004 WL 792706 (N.D. Tex. Apr. 13, 2004), *subsequently aff'd*, 14 F. App'x 155 (5th Cir. 2004) (claim barred under section 1981 when based purely on status as US citizen); *Eskander v. Titan Corp.*, 2006 WL 1169648 (N.D. Tex. May 2, 2006) (claim barred under section 1981 when based solely on status as dual citizen). Even though race and national origin discrimination can be quite difficult to distinguish from one another, the court's task is thus to determine which claim predominates. If the complaint is "more akin to an assertion of national origin discrimination than of race discrimination," it cannot be brought under section 1981. *Hadad v. American Airlines, Inc.*, 2003 WL 292170, at *2 (N.D. Tex. Feb 7, 2003) (holding that complaint was more akin to national origin discrimination as plaintiff alleged discrimination because he was an "Arab *from* Iraq").

### C. Rule 12(b)(6) Standard

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

### III. THE COURT DENIES DEFENDANTS' MOTION TO DISMISS

#### A. It Is Not Evident From the Face of the Complaint that Nguyen's Claims are Time-Barred

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred . . . ." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Nguyen alleges several different claims against Brink's and Dicker. She claims Brink's discriminated against her by failing to promote her to a

permanent position, and discriminated and retaliated against her by terminating her employment. Pl.'s Original Compl. ¶¶17, 18, 20 [1]. She claims that Dicker discriminated against her by failing to take action when Brink's did not promote her, and discriminated and retaliated against her by not securing her a new job. *Id.* at ¶¶19, 22.

As noted above, the law requires the Court to do some sorting work with these claims. Those that relate to pre-contractual discrimination would be controlled by Texas's two-year limitations period, while those relating to post-contractual discrimination would be subject to the federal four-year period. Yet it is not evident from the face of the Complaint how the Court should go about sorting these different claims. For example, without knowing if the contract with Dicker concluded with the Brink's placement or was ongoing, the Court cannot determine if Dicker's alleged actions happened before or after it contracted with Nguyen. The Complaint also gives no information about Nguyen's contract with Brink's. In short, the Court simply does not have enough information. Because it is not evident from the face of the Complaint that Nguyen's claims are time-barred, the Court will not dismiss Nguyen's claims on this basis.

### B. *Section 1981 Provides Nguyen a Cause of Action*

Section 1981 does not allow relief for national origin discrimination. Yet, Nguyen's Complaint is not purely grounded in national origin discrimination. Throughout her Complaint, she states that she is raising claims of "race (Asian) *and* national origin (Vietnamese)" discrimination. *See* Compl. at ¶¶ 17-22 (emphasis added). The former are allowed under section 1981, the latter are not. Accordingly, the Court will not dismiss

permanent position, and discriminated and retaliated against her by terminating her employment. Pl.'s Original Compl. ¶¶17, 18, 20 [1]. She claims that Dicker discriminated against her by failing to take action when Brink's did not promote her, and discriminated and retaliated against her by not securing her a new job. *Id.* at ¶¶19, 22.

As noted above, the law requires the Court to do some sorting work with these claims. Those that relate to pre-contractual discrimination would be controlled by Texas's two-year limitations period, while those relating to post-contractual discrimination would be subject to the federal four-year period. Yet it is not evident from the face of the Complaint how the Court should go about sorting these different claims. For example, without knowing if the contract with Dicker concluded with the Brink's placement or was ongoing, the Court cannot determine if Dicker's alleged actions happened before or after it contracted with Nguyen. The Complaint also gives no information about Nguyen's contract with Brink's. In short, the Court simply does not have enough information. Because it is not evident from the face of the Complaint that Nguyen's claims are time-barred, the Court will not dismiss Nguyen's claims on this basis.

### B. *Section 1981 Provides Nguyen a Cause of Action*

Section 1981 does not allow relief for national origin discrimination. Yet, Nguyen's Complaint is not purely grounded in national origin discrimination. Throughout her Complaint, she states that she is raising claims of "race (Asian) *and* national origin (Vietnamese)" discrimination. *See* Compl. at ¶¶ 17-22 (emphasis added). The former are allowed under section 1981, the latter are not. Accordingly, the Court will not dismiss

Nguyen's claims in their entirety as incongruent with section 1981. The claims grounded in national origin discrimination are dismissed with prejudice, but the claims grounded in racial discrimination are not.

### C. Nguyen Adequately Pleads Discrimination Under Section 1981

The Rule 12(b)(6) standard can, in some ways, be summarized as simply giving the plaintiff the benefit of the doubt. Nguyen's Complaint does indeed lack a clear timeline of the alleged actions. But the Court does not find this flaw to make her claims wholly implausible. Taking what she has alleged to be true, she makes a plausible claim that Dicker discriminated against her in violation of section 1981.

### CONCLUSION

For the reasons above, the Court denies Defendants' motion to dismiss as it relates to Nguyen's claims of racial discrimination, but grants it as it relates to Nguyen's claims of national origin discrimination.

Signed January 8, 2019.

David C. Godbey
United States District Judge